Rel: May 17, 2024

**Notice:** This opinion is subject to formal revision before publication in the advance sheets of **Southern Reporter**. Readers are requested to notify the **Reporter of Decisions**, Alabama Appellate Courts, 300 Dexter Avenue, Montgomery, Alabama 36104-3741 ((334) 229-0650), of any typographical or other errors, in order that corrections may be made before the opinion is printed in **Southern Reporter**.

# SUPREME COURT OF ALABAMA

## OCTOBER TERM, 2023-2024

_____

### SC-2023-0581

_____

## University of Alabama Hospital and University of Alabama Health Services Foundation

### v.

## Megan Huseman, as personal representative of the Estate of Thomas J. Huseman, deceased

### Appeal from Shelby Circuit Court
### (CV-22-336)

WISE, Justice.

AFFIRMED. NO OPINION.

See Rule 53(a)(1) and (a)(2)(F), Ala. R. App. P.

Parker, C.J., and Shaw, Bryan, Stewart, and Mitchell, JJ., concur.

Sellers, J., dissents, with opinion.

Mendheim, J., dissents.

Cook, J., recuses himself.

SELLERS, Justice (dissenting).

I respectfully dissent. This appeal concerns two verified statements of claim filed in the Shelby Probate Court ("the probate court") against the estate of Thomas J. Huseman, deceased ("the estate"). On June 13, 2022, the University of Alabama Hospital in Birmingham ("the hospital") filed a verified statement of claim against the estate in the amount of $244,763.65, referencing a specific account number relating to the decedent. On that same day, the University of Alabama Health Services Foundation ("the foundation") filed a verified statement of claim against the estate in the amount of $42,677.85, referencing another specific account number relating to the decedent. Megan Huseman, the personal representative of the estate, filed a document entitled "Dispute of Claims," arguing that they should be rejected because, she said, they were "devoid of any explanation for the goods or services allegedly provided, the dates of such sales/services, any agreement by the decedent to pay the amounts stated, or quite literally ANY information upon which the [personal representative] can determine their nature and validity." (Capitalization in original.) The administration of the estate was thereafter removed from the probate court to the Shelby Circuit Court.

The hospital and the foundation filed a response to the "Dispute of Claims," arguing that the claims were clearly filed by medical providers, that each claim was verified and for a definite amount, and that each claim included the decedent's account number. Following a hearing, the circuit court entered an order denying the claims without stating its rationale; this Court affirms that order, without an opinion. I believe that the record before us adequately establishes that the claims were sufficiently stated. I am also concerned that the circuit court's order summarily denying the claims without providing a legal or factual basis for doing so violates the claimants' due-process rights.

Section 43-2-352, Ala. Code 1975, the statute of nonclaims, has very limited requirements; it states, in relevant part:

> "Every such claim or statement thereof so presented must be verified by the oath of the claimant or some person having knowledge or the correctness thereof, and that the amount claimed is justly due, or to become due, after allowing all proper credits. Any defect or insufficiency in the affidavit may be supplied by amendment at any time. All claims not presented within six months from the granting of letters testamentary … shall be forever barred."

"The purpose of the statute of non-claims is to give notice to the personal representative of the nature, character and amount of the claim and to distinguish it from other claims so that it may be investigated and

4

the question of liability determined." <u>First Nat'l Bank of Birmingham v. Chichester</u>, 352 So. 2d 1371, 1373-74 (Ala. Civ. App. 1977). A verified statement of claim need not conform to technical rules of pleading and need not be in any particular form. <u>See</u> <u>Merchants Nat'l Bank of Mobile v. Cotnam</u>, 250 Ala. 316, 34 So. 2d 122 (1948) (noting that a verified claim or verified statement thereof is not required to be as specific as formal pleadings). It is clear that the verified statements of claim filed by the hospital and the foundation evidence medical debts. The statements include the name, address, and telephone number of the hospital and the foundation, respectively. Each statement also includes the decedent's account number affiliated with the debt. Finally, there were no similar claims against the estate pending. In fact, the only other claim filed against the estate was from a credit-card company. Notably, the death certificate filed by the personal representative in the probate court listed the decedent's immediate cause of death as "Acute Myeloblastic Leukemia," which appears to confirm that the decedent was a patient of both the hospital and the foundation. As the hospital and the foundation point out, the personal representative is the daughter of the decedent and was living with him at the time of his death. To claim that she had no

5

knowledge regarding the basis of the two medical claims is, thus, questionable. Although the personal representative may dispute the amounts of the claims, she cannot dispute that medical services were provided to the decedent for which compensation would be due. This case is more akin to a debtor-creditor case, in which the total amount of the debt may be disputed, but the existence of the debt cannot be. Because the verified statements of claim contain all the facts necessary to make a prima facie showing that the estate is lawfully indebted to both the hospital and the foundation, I would reverse the trial court's order denying their claims.